UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILIP WAYNE BERRYMAN,

    Petitioner,

v.

    Case Number 2:20-CV-11271
    HONORABLE PAUL D. BORMAN

WILLIS CHAPMAN, et. al.,

    Respondent.
_____/

OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Philip Wayne Berryman (petitioner), confined at the Macomb Correctional Facility in New Haven, Michigan, has filed a *pro se* application for a writ of habeas corpus. Petitioner claims that he is being denied access to the law library, which in turn is denying him access to the courts. For the reasons that follow, the petition for a writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

**I. BACKGROUND**

Petitioner is currently serving a life sentence for his conviction for first-degree murder and unarmed robbery. Petitioner claims that he is being denied access to the prison law library, which in turn is denying him access to the courts.

1

## II. DISCUSSION

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. Rule 4; *see also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir.1970) (stating that the district court has the duty to "screen out" petitions that lack merit on their face). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir.1999). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen*, 424 F.2d at 141. After undertaking the review required by Rule 4, the Court concludes that the petition must be summarily dismissed.

The petition is subject to summary dismissal because petitioner is challenging the conditions of his confinement.

Where a prisoner is challenging the very fact or duration of his physical imprisonment and the relief that he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). However, habeas corpus is not available to prisoners who are complaining only of mistreatment during their legal incarceration. *See Lutz v. Hemingway,* 476 F. Supp. 2d 715, 718 (E.D. Mich. 2007). Claims which challenge the conditions of confinement should be brought as a civil rights complaint pursuant to 42 U.S.C.§ 1983. *Id.*

Petitioner's claim that he is being denied meaningful access to a law library should not be brought as a habeas action, but should instead be brought as a civil action under § 1983 because it involves a challenge to his conditions of confinement. *See Perez-Rodriguez v. Holt*, 439 F. App'x 127, 130 (3d Cir. 2011); *Williams-Bey v. Buss*, 270 F. App'x 437, 438 (7th Cir. 2008). Petitioner's related claim that he is being denied access to the courts is likewise a challenge to the conditions of confinement which cannot be brought as a habeas action. *See Allen v. Lamanna,* 13 F. App'x 308, 311 (6th Cir. 2001).

Petitioner challenges only the conditions of his confinement, thus, his claims "fall outside of the cognizable core of habeas corpus relief." *See Hodges v. Bell,* 170 F. App'x 389, 393 (6th Cir. 2006).

The proper course for a district court after it determines that the substance of a state prisoner's *pro se* habeas petition is a subject more appropriately reached under 42 U.S.C. § 1983 is to dismiss the petition without prejudice to allow petitioner to raise his potential civil rights claims properly as a § 1983 action. *See Martin v. Overton,* 391 F.3d 710, 714 (6th Cir. 2004). Accordingly, the Court will dismiss the petition without prejudice.

Before petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). "A petitioner satisfies this standard by demonstrating that ... jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003). In applying that standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the petitioner's claims. *Id.* at 336–37. "The district court must issue or deny a certificate

4

of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

Petitioner is not entitled to a certificate of appealability, because jurists of reason would not find debatable this Court's decision that petitioner's challenges to his conditions of confinement should be brought in a civil rights complaint pursuant to 42 U.S.C. § 1983, rather than as a habeas action. *See Rachal v. Quarterman,* 265 F. App'x 371, 377 (5th Cir. 2008). The Court further concludes that petitioner should not be granted leave to proceed *in forma pauperis* on appeal, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III. CONCLUSION

Accordingly, the Court **SUMMARILY DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court further **DENIES** a certificate of appealability and leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated:  October 8, 2020            s/Paul D. Borman
                                   Paul D. Borman
                                   United States District Judge

5